1998 OK JUD ETH 10

## JUDICIAL ETHICS OPINION 1998–10.

### No. 1998–10.

Oklahoma Judicial Ethics Advisory Panel.

Decided July 31, 1998.

Filed: Aug. 21, 1998.

**QUESTION: All candidates to a judicial position have been invited to a Church Education Forum to discuss, "Domestic Court Reform." It will be requested that the judicial candidates consider how the judiciary impacts children's lives. May the judicial candidates participate and serve on a panel under such circumstances.**

**WE ANSWER: YES—With reservations.**

Canon 5(A)(3) provides:

"A candidate for judicial office:

(a) should maintain the dignity appropriate to judicial office and act in a manner consistent with the integrity and independence of the judiciary . . .

(b) should not:

(i) make pledges or promises of conduct in office other than the faithful and impartial performance of the duties of the office;

(ii) make statements that commit or appear to commit the candidate with respect to cases, controversies or issues that are likely to come before the Court . . .

Clearly, the Canons place broad restrictions on a judicial candidate's campaign statements. The Treatise, *Judicial Conduct and Ethics,* (1990), discusses and analyzes opinions of Judicial Ethics Panels from all over the country and we believe an accurate general statement on the question is set out therein at paragraph 11.09, page 330:

"Ethics advisory opinions have addressed the propriety of numerous statements and pledges candidates have proposed to use in the course of a campaign. The general sense of these opinions is that any thing that could be interpreted as a pledge that the candidate will take a particular approach in deciding cases or a particular class of cases is prohibited."

A judicial candidate must refrain from any statement expressing a philosophy, an attitude, any mental predisposition, that would create an impression of how a judicial candidate might decide cases. The spirit of the Canons are to insure that a judicial candidate makes no promise or pledge that would not be consistent with deciding cases on the law and facts presented in each particular case.

A judicial candidate may discuss and comment on relevant Court procedures and may recommend efficiencies and economies that could be instituted. But in the forum as contemplated in the question, it is likely that questions will be asked of the panel as to their opinions on disputed legal or political issues. A judicial candidate would be required to decline to offer an opinion.

/s/ Robert L. Bailey, Chairman

/s/ Robert A. Layden, Vice Chairman

/s/ Milton C. Craig, Secretary